

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**SONIA HARRIS CARTER**                                                         **PLAINTIFF**

**VERSUS**                                    CIVIL ACTION NO. 3:07CV393 DPJ-JCS
                                              **JURY TRIAL DEMANDED**

**JACKSON PUBLIC SCHOOL
SCHOOL DISTRICT and JOHN
COLEMAN, in his Official and
Individual Capacities**                                                         **DEFENDANTS**

## COMPLAINT

This action seeks all relief due the Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, §§ 701 et seq., 42 U.S.C. §§ 2000e et seq., as amended, 43 U.S.C. § 1983, the Civil Rights Act or 1991, and. 42 U.S.C. § 1988, as amended, because of the unlawful sexual harassment and retaliation suffered by the Plaintiff while employed by the Defendant Jackson Public School District, and any and all relief for the negligent hiring, retention, supervision, and training of supervisory personnel, and for mental and emotional stress suffered by Plaintiff.

## JURISDICTION AND VENUE

1.   Jurisdiction for suits charging harassment, discrimination and retaliation on the basis of sex is vested in this Court by 42 U.S.C. § 2000e-5 (f)(3), 28 U.S.C. §§ 1331 and 1343.

2.   Venue is properly fixed in this division and district pursuant to 42 U.S.C. § 2000e-5 (f)(3), as this is where the unlawful employment practice was committed, where the records relevant

to the unlawful conduct are maintained and administered, where the Plaintiff was employed at the time of the unlawful conduct, and where the state actions arose/occurred.

## PARTIES

3.     Plaintiff, Sonia Harris Carter, is an adult resident citizen of Hinds County, Mississippi and was such at all times pertinent to this lawsuit.

4.     Defendant Jackson Public School District is a school district in the State of Mississippi, with its address as 662 South President Street, Jackson, MS 39201.

5.     Defendant John Coleman was Director of Security at Jackson Public School District at all times relevant to this action. Defendant Coleman is sued in his official capacity and in his individual capacity pursuant to 42 U.S.C. § 1983.

## FACTS AND CAUSES OF ACTION

6.     An employee-employer relationship existed between Plaintiff and Defendant Jackson Public School District at all times relevant to this lawsuit.

7.     Plaintiff previously held the position of background research analyst. Over an extended period of time, beginning as early as 2002 and extending through March 2005, John Coleman subjected Plaintiff to a continuous course of sexually derogatory and offensive language and conduct. Defendant Coleman frequently and continuously made sexually offensive comments to Plaintiff and in Plaintiff's presence.

8.     Plaintiff complained to Defendant Coleman regarding his sexually offensive language and conduct. After she complained, Plaintiff was subjected to retaliatory conduct. Plaintiff

was issued a reprimand and suspended without pay. Plaintiff asserts the reprimand and suspension were in retaliation for her complaints to Coleman about his sexual harassment.

9. Defendant Jackson Public Schools transferred Plaintiff into a new position after it investigated her sexual harassment complaint. As a direct result of the transfer, Plaintiff suffered, and continues to suffer, lost wages due to the fact that she was not placed on the proper pay scale after the transfer.

10. The Defendant Jackson Public Schools knew or should have known of the sexual harassment of the Plaintiff, and other female employees, by John Coleman. Additionally, the Defendant Jackson Public Schools knew or should have known of the potential for retaliation and continued hostility toward Plaintiff in the work place if prompt and appropriate corrective actions were not taken.

11. The sexually offensive language and conduct within the Safety and Security Department were pervasive enough to support the inference that Jackson Public Schools had actual or constructive knowledge of the sexually offensive behavior within the Safety and Security Department well before Plaintiff's complaint.

12. Defendant Jackson Public School District failed to properly supervise John Coleman and thereby allowed a sexually hostile environment to exist in the workplace. Defendant Jackson Public School District further failed to train its supervisors and employees in handling and reporting sexual harassment. Defendant Jackson Public School District showed deliberate indifference to the sexually offensive environment and retaliation within its Safety and Security Department.

13. The sexually offensive acts and omissions of Defendant John Coleman as the highest ranking official in the Safety and Security Department represent official customs, policies, practices,

and procedures of the Jackson Public School District.

14. Defendant John Coleman is subject to individual liability pursuant to 42 U.S.C. § 1983 for his personal participation in the sexual harassment and sexually hostile work environment Plaintiff suffered.

WHEREFORE PREMISES CONSIDERED, the Plaintiff requests that the Court, after hearing evidence, award the Plaintiff the following to-wit:

1. That this Court enjoin Defendants from further sexual harassment and sexually offensive conduct.
2. That this Court award Plaintiff front-pay, back-pay, and all other benefits to which she would have been entitled had she not been subjected to Defendant's unlawful sexual harassment and retaliation.
3. That this Court grant Plaintiff punitive damages as may be allowed by law against any Defendant. Such damages shall be in an amount to be determined at trial.
4. That this Court award Plaintiff compensatory damages for the humiliation, damage to her reputation, mental and emotional stress, and pain and suffering Plaintiff suffered as a result of Defendant's sexual harassment and retaliation. Such damages shall be in an amount to be determined at trial.
5. That, to the maximum extent allowed by law, this Court award Plaintiff pre-judgment and post-judgment interest on all damages awarded.
6. That this Court award Plaintiff reasonable attorney's fees and other costs of this action.
7. That this Court award Plaintiff such other relief as may be just and equitable.
8. Plaintiff requests a jury trial on all issues so triable.

Respectfully submitted,

Louise Harrell
Plaintiff's Attorney
P.O. Box 2977
Jackson, MS 39207
Telephone: (601) 353-0065
Fax: (601) 353-4495