IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SONIA HARRIS CARTER                                                              PLAINTIFF

VS.                                                       CIVIL ACTION NO. 3:07CV393HTW-LRA

JACKSON PUBLIC SCHOOL DISTRICT
and JOHN COLEMAN, in his Official
and Individual Capacities                                                      DEFENDANTS

**MEMORANDUM ORDER AND OPINION**

Before this court is defendant John Coleman's motions to dismiss the § 1983 claims against him in his individual [docket # 14] and official capacities [docket # 17], both brought under the aegis of Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

Plaintiff Sonia Harris Carter has only responded to Coleman's motion to dismiss him from this lawsuit in his individual capacity. Having considered the memorandum of authorities and arguments of both parties, this court concludes that Coleman's motion to be dismissed in his individual capacity should be denied; while Coleman's motion to be dismissed in his official capacity should be granted.

This court has federal question jurisdiction over this case pursuant to Title 28

---

[1]Fed. R. Civ. P. 12 provides, in pertinent part: Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (6) failure to state a claim upon which relief may be granted; . . .

1

U.S.C. § 1331.[2]  This court also has supplemental jurisdiction over the state law claims under the authority of Title 28 U.S.C. § 1367.[3]

## I.   Procedural Facts and Background

At all times relevant, plaintiff Carter and defendant Coleman were both employed by defendant Jackson, Mississippi, Public School District ("JPS").  Coleman served the school district as the Director of Safety and Security, while Carter performed as a Background Research Analyst with the school district's security department.  Coleman was Carter's immediate supervisor.

Plaintiff filed her complaint in this court on July 10, 2007.  In her complaint, Carter sued JPS under Title VII of the Civil Rights Act of 1964, §§ 701 et seq., 42 U.S.C. §§ 2000 et seq. as amended[4]; Title 42 U.S.C. § 1983[5], the Civil Rights Act of 1991; and Title 42 U.S.C. § 1988, as amended.[6]  Carter also lodged a Title 42 U.S.C. §

---

[2]Title 28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[3]Title 28 U.S.C. § 1367 provides: "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

[4]Title 42 U.S.C. § 2000e-2(a) declares it unlawful for an employer to discriminate against or deprive an employee of opportunities "because of such individual's race, color, religion, sex, or national origin."

[5]Title 42 U.S.C. § 1983 provides in pertinent part: Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

[6]Title 42 U.S.C. § 1988(b) provides in pertinent part that, "any action or proceeding to enforce a provision of sections 191, 1981a, 1982, 1983, 1985, and 1986 of this title, . . . title VI of the Civil Rights Act of 1964, or section 13981 of this title, the court, in its discretion, may

1983 claim against Coleman in both his individual and official capacities.

On November 29, 2007, defendant Coleman filed the instant motions, seeking to dismiss these claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure [docket ## 14 & 17]. In response, plaintiff filed her first motion to amend on December 7, 2007 [docket # 22]. Magistrate Judge Linda Anderson denied plaintiff's motion on January 23, 2008 [docket # 32]. Subsequently, plaintiff filed another motion to amend her complaint on February 6, 2008 [docket # 33].

On March 11, 2008, Magistrate Judge Anderson granted plaintiff's motion for leave to file an amended complaint in part and denied it in part. In the court's order, Magistrate Judge Anderson permitted Carter to attach her § 1983 claims to the Fourteenth Amendment to the United States Constitution[7] [docket # 35]. Prior thereto, the plaintiff had pleaded a naked § 1983 claim without any clothing of a constitutional injury. The court, however, denied Carter's request to assert a claim against Coleman in his individual capacity under Title VII [docket # 35]. Predictably so, since individuals are not liable under Title VII.

On March 24, 2008, plaintiff filed her amended complaint, once again praying for relief under § 1983, but now alleging that Coleman had used his position of authority as head of JPS's Safety and Security Department to violate her rights under the

---

allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, . . ."

[7]U.S. Const. amend. XIV, § 1 provides in pertinent part that: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Fourteenth Amendment's equal protection clause [docket # 36].

Additionally, Carter's amended complaint asserts an action against her employer, JPS, for sexual harassment, hostile work environment, retaliation and discrimination under "Title VII of the Civil Rights Act of 1964, §§ 701 et seq., as amended; Title 42 U.S.C. § 1983; the Civil Rights Act of 1991; and Title 42 U.S.C. § 1988, as amended. Carter also alleges state law negligence claims against JPS.

## II.  Legal Standards

### A.  Motion to Dismiss

A motion to dismiss allows dismissal of a complaint if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a claim, not the facts supporting it. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Thus, in ruling on a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true and draw all reasonable inferences from those allegations in the plaintiff's favor. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996).

In *Bell v. Atl. Corp. v. Twombly*, ___ U.S.___, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the United States Supreme Court clarified the requisite pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). To survive a motion to dismiss, the plaintiff must plead "facts to state a claim to relief that is plausible on its face." Id. at 1974; *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007)(recognizing a change in the standard of review). "Plausible" grounds require

"enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. Id.  Thus, the "allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

**B.   Section 1983**

It is well established that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40, (1988).  "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan*, 443 U.S. 137, 146 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)  It does not, by its own terms, create substantive rights.  Id. at 145.

To act under the color of state law or authority for purposes of § 1983, the defendant must have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.  *West*, 487 U.S. at 49.  Additionally, "[i]t is firmly established that a defendant in a § 1983 suit acts under the color of state law when he abuses the position given to him by the State."  Id. at 49-50.   Here, Carter is suing Coleman in both his individual and official capacities.

5

### III.   Analysis

**A.   Coleman's Liability in his Individual Capacity Under 42 U.S.C. § 1983**

Personal capacity suits seek to impose individual liability upon a government officer for actions taken under the color of state law.  *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

Plaintiff invokes § 1983 alleging that Coleman used his position as the head of the school district's Safety and Security department to violate her constitutional rights. Carter alleges that Coleman "harassed, intimidated, retaliated, and discriminated against plaintiff, and other female employees, because of their gender."

Based on the facts asserted, the court finds that the plaintiff has met the threshold pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.[8] Here, plaintiff specifically claims a deprivation of her constitutional rights: the Fourteenth Amendment right to equal protection under the laws.  The court, assuming the truth of the facts alleged, finds that plaintiff has succinctly stated an alleged injury under the Fourteenth Amendment.

Defendant's motion asked this court to dismiss him from this lawsuit's allegation under § 1983 because plaintiff in her initial complaint had relied upon § 1983, but failed to allege a constitutional violation.  This oversight was cured when the Magistrate Judge permitted plaintiff to amend and add the Fourteenth Amendment.

---

[8]Fed. R. Civ. P. 8 provides, in pertinent part: "A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded."

Therefore, the plaintiff may proceed with her suit against defendant Coleman insofar as the defendant is sued in his individual capacity for actions taken by him under the color of state law which allegedly caused the deprivation of the plaintiff's constitutional rights.

**B.      Coleman's Liability in his Official Capacity Under Section 1983**

Coleman also moves for dismissal of the § 1983 claim against him in his official capacity.  A § 1983 claim against a governmental employee in the person's official capacity represents the same claim as the one against the governmental entity. *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).  In such a case, the real party in interest is the entity, not the individual.  Id. at 166.

The United States Supreme Court has held that official suits cannot be maintained against state officers acting in their official capacity on behalf of the state. See *Hafer v. Melo*, 502 U.S. 21, 27, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991) (state officers sued for damages in their official capacity are not "persons" for purposes of the suit because they assume the identity of the government that employs them)(citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)).

In moving for dismissal, defendant Carter argues that plaintiff has included JPS as a defendant in this action; thus, a suit against defendant Coleman in his official capacity is actually a suit against JPS.   Therefore, this court will grant Coleman's motion to dismiss the complaint against him in his official capacity.

## IV.    Conclusion

Based on the foregoing, this court finds as follows:  the defendant's motion to be dismissed, in his individual capacity is denied; defendant Coleman's motion to be dismissed, in his official capacity, however, is granted.

**SO ORDERED**, this the 3rd day of September, 2008.


                                **s/ HENRY T. WINGATE**

                                **CHIEF UNITED STATES DISTRICT JUDGE**