IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**SONIA HARRIS CARTER**                                                                      **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO. 3:07CV393 HTW-LRA**

**JACKSON PUBLIC SCHOOL
DISTRICT and JOHN COLEMAN, in his
Official and Individual Capacities**                                                         **DEFENDANTS**

## ORDER

Before the court are six motions: a motion to dismiss, or in the alternative, for summary judgment [docket no. 89] filed by defendant Jackson, Mississippi, Public School District and defendant John Coleman in his official capacity; a motion for summary judgment [docket no. 91] filed by defendant John Coleman in his individual capacity; a joint motion in limine [docket no. 111] filed by defendants John Coleman and Jackson Public School District; a motion in limine [docket no. 121] filed by plaintiff Sonia Carter; a motion to admit evidence [docket no. 129] filed by defendants Jackson, Mississippi, Public School District and John Coleman in his individual capacity; and a supplemental motion in limine [docket no. 136] filed by defendants Jackson Public School District and Coleman in his individual capacity.

On March 16, 2010, this court heard argument on and denied the two motions for summary judgment [docket no.s 89, 91]. The court held another hearing on April 29, 2010, in order to address three of the evidentiary motions [docket no.s 111, 121, 129]. The fourth evidentiary motion [docket no. 136] was not addressed at either hearing. However, the time for response has expired, and plaintiff has not filed a response. The

1

court will address all six abovementioned motions herein.

## I. Background

Sonia Harris Carter began employment with the Jackson, Mississippi, Public School District (JPSD) as a graphic artist specialist. In 2000, she was transferred to the JPSD's Safety and Security Department. Carter initially worked as a fingerprint technician. In 2003, she was promoted to a research analyst. John Coleman, the Director of the Safety and Security Department, was Carter's immediate supervisor until late 2002 or early 2003 when Glenn Davis became Carter's immediate supervisor. Carter still reported to and interacted with Coleman. At all pertinent times, Coleman was either plaintiff's immediate supervisor or her next higher level supervisor.

Coleman requested that Carter be transferred in February 2005. In May 2005, Carter was transferred to the Professional Development Department, where she presently remains.

Carter alleges that from the year 2002 through 2005, Coleman subjected Carter to sexually derogatory and offensive language and conduct. Supposedly, Coleman frequently made sexually offensive comments to plaintiff and in plaintiff's presence. Carter claims that after she complained to Coleman about his conduct, JPSD subsequently subjected her to retaliatory conduct. She says she was reprimanded and suspended without pay. Carter contends she suffered more of the same for filing a discrimination claim. She was transferred to another department, she alleges, where she was placed on a lower pay scale and thereby subjected to a pay cut and future wage loss.

Carter filed a charge of discrimination with the Equal Employment Opportunity

Commission (EEOC) on February 10, 2005, against JPSD and Coleman in both his official and individual capacities.  Upon receiving a right to sue letter from the EEOC, Carter filed the instant complaint in this cause on July 10, 2007, and her first amended complaint on March 24, 2008.  She seeks relief for sexual harassment, a sexually hostile work environment, retaliation and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. § 2000e et seq; Title 42 U.S.C. § 1983;[1] and the Fourteenth Amendment to the United States Constitution.[2]  Carter requests front-pay, back-pay, punitive damages, compensatory damages, interest, attorney's fees and costs.

The court has jurisdiction over this matter pursuant to Title 28 U.S.C. §§ 1331[3] and 1343.[4]

---

[1] Section 1983 states in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

[2] Section one of the Fourteenth Amendment states:

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

[3] Section 1331 states: The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

[4] Section 1343 provides:

(a) The district courts shall have original jurisdiction of any civil action authorized

## II.  Summary Judgment[5]

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  The moving party has the burden of demonstrating that there are no genuine issues of material fact in dispute.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  This court must view "the evidence in the light most favorable to the nonmovant, drawing all reasonable inferences in the nonmovant's favor."  *Riverwood Int'l Corp. v. Employers Ins. of Wausau*, 420 F.3d 378, 382 (5th Cir. 2005) (citation omitted).

Carter has abandoned her state law claims.[6]  Accordingly, this court need not address those claims.

Defendants contend that Carter cannot establish her remaining claims -

---

by law to be commenced by any person . . .

  (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;
  (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

[5]Rule 12(d) of the Federal Rules of Civil Procedure states in pertinent part that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Defendants attached and referred to numerous depositions in their motion. Therefore, the court will treat defendants' motion to dismiss or in the alternative for summary judgment [docket no. 89] as a motion for summary judgment and address both motions for summary judgment [docket no.s 89, 91] simultaneously.

[6]Carter, in her complaint, sought relief for negligent hiring, retention, supervision, and training of supervisory personnel and for mental and emotional stress.

harassment, hostile work environment, retaliation, and claims under Title VII, Section 1983 and the Fourteenth Amendment. Whether plaintiff can establish her remaining claims depends upon her ability to prove certain requisite facts. For example, in order to establish a hostile work environment claim, plaintiff must show that the actions and comments she was subject to were severe or pervasive, *Abner v. Kan. City S. R.R. Co.*, 513 F.3d 154, 157 (5th Cir. 2008), and based on her sex, *Shepherd v. Comptroller of Pub. Accounts*, 168 F.3d 871, 873 (5th Cir. 1999). In order to bring a section 1983 claim, plaintiff must demonstrate that JPSD maintained an official policy or custom of discrimination. *Monell v. Department of Social Services*, 436 U.S. 658, 692-96, 98 S. Ct. 2018, 2037-38, 56 L.Ed 2d 611 (1978). The court has reviewed the parties' submissions and listened to the parties' arguments and finds that a genuine issue of material fact exists as to each of plaintiff's claims. Accordingly, the court denies defendants' motions for summary judgment [docket no. 89, 91].

### III.  Motions in Limine

**A.  Motion in Limine of Defendants JPSD and Coleman in His Individual Capacity**

Also before the court are three motions in limine. The first [docket no. 111], filed by JPSD and Coleman in his individual capacity, makes six requests regarding the exclusion of evidence. The court grants these requests in part and denies them in part.

First, defendants request that this court exclude evidence regarding complaints, administrative charges and a lawsuit filed by Lola McCarty, a former security officer in the Safety and Security Department, against JPSD, under the Equal Pay Act and the Fourteenth Amendment. Defendants contend that McCarty's claims are irrelevant to

5

the sexual harassment claims in this lawsuit. This request is granted in part and denied in part. The evidence defendants seek to exclude will be allowed only as it pertains to characterizations of McCarty's suit made by defendant directly to Carter.

Second, defendants seek to exclude evidence related to alleged offensive conduct of which Carter has no personal knowledge. This evidence includes testimony by Debra Whipps-Robinson, defendant Coleman's secretary, who testified to offensive statements made by Coleman of which Carter was unaware. Whipps-Robinson has also filed a suit against JPSD and Coleman claiming discrimination and retaliation. Similar acts of harrassment, even those that occur outside plaintiff's presence, may aid in establishing that a hostile work environment existed. *Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 336 (6th Cir. 2008).[7] Accordingly, this request is denied.

---

[7] In support of this proposition, the Sixth Circuit in *Hawkins* cites *Hurley v. Atlantic City Police Dep't*, 174 F.3d 95, 110-112 (3d Cir. 1999) (holding that evidence that women other than the plaintiff were subjected to a hostile work environment was more probative than prejudicial, and thus admissible in a Title VII sexual harassment action, even though many of the acts occurred outside the presence of the plaintiff); *Schwapp v. Town of Avon*, 118 F.3d 106, 111-12 (2d Cir. 1997) (holding that a plaintiff's second-hand knowledge of racially derogatory comments or jokes can impact the work environment); *Rodgers v. W. S. Life Ins. Co.*, 12 F.3d 668, 673-75 (7th Cir. 1993) (noting that racial epithets targeted at other employees were relevant to a plaintiff's hostile-work-environment claim and considering racial statements made outside of the plaintiff's presence); *Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1416 (10th Cir. 1987) (concluding that evidence that other employees had been sexually harassed should be considered by the trial judge in determining whether a hostile-work-environment claim has been established and noting that "the few courts that have addressed this issue have generally concluded that incidents involving employees other than the plaintiff are relevant in establishing a generally hostile work environment").)

In support of their argument for exclusion, the defendants cite *Septimus v. Univ. of Houston*, 399 F.3d 601, 612 (5th Cir. 2005), which took into account acts personally directed at plaintiff, along with consideration of actions not personally experienced, and decided the incidents were not collectively sufficient to establish that the alleged harassment was severe or pervasive enough to make plaintiff's working environment hostile or abusive. The defendants also cite *Jones v. Flagship Int'l*, 793 F.2d 714, 721 (5th Cir. 1986), in which the court affirmed the district court's trial judgment in which it decided to not take into account sexually harassing incidents reported by other females on the grounds that such testimony was not relevant to plaintiff's individual claim unless plaintiff provided evidence that such incidents affected her

Third, the defendants request that this court exclude evidence regarding consensual relationships among other employees as such information is irrelevant to Ms. Carter's claims. This evidence is not admissible unless Coleman was involved.

Fourth, the defendants request that this court exclude any evidence regarding discipline issued to Coleman that was unrelated to Carter's allegations. This evidence is inadmissible. Plaintiff's motion is granted with regard to this request.

Fifth, the defendants request that this court exclude any evidence concerning hearsay evidence of alleged requests for sexual favors made by a male manager other than Coleman of which Carter has no personal knowledge. This evidence is inadmissible unless plaintiff can show that the evidence is relevant and that an exception to the hearsay doctrine applies.

Finally, the defendants request that this court exclude evidence from Carter regarding back pay, front pay and punitive damages and evidence mentioning a specific dollar figure to the jury regarding emotional distress damages because plaintiff has failed to timely provide computations of these damages. Plaintiff has represented to the court that she is not requesting back pay. Further, punitive damages are not available against JPSD. *Cook County v. United States ex rel. Chandler*, 538 U.S. 119, 129, 123 S. Ct. 1239; 155 L. Ed. 2d 247 (2003) ("the general rule today is that no punitive damages are allowed [against municipalities] unless expressly authorized by statute") (citing *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 260, n.21, 69 L. Ed. 2d

---

psychological well-being. This ruling does not put forth a mandate from the Fifth Circuit to not consider evidence of other incidents and does not take into consideration proof that might be put forth at trial concerning damages how plaintiff was affected by the comments.

616, 101 S. Ct. 2748 (1981)). Defendants' additional requests to exclude evidence of damages are denied.

**B. Motion in Limine of Plaintiff Carter**

The second motion in limine [docket no. 121], filed by Carter, requests that the court exclude evidence and testimony regarding claims of race discrimination Carter made against Cindy Paxton, Carter's supervisor while she was employed in the Graphic Arts Department at JPSD from 1987 to 2000. Plaintiff contends that such evidence is irrelevant to the claims before the court. This evidence is inadmissible. Therefore, plaintiff's motion is granted.

**C. Supplemental Motion in Limine of Defendants JPSD and Coleman in His Individual Capacity**

The third motion in limine [docket no. 136], filed by defendants JPSD and Coleman in his individual capacity, requests that the court exclude any testimony from Dr. Aultman who treated plaintiff for hypertension and stress and was listed as a "may call" witness in the proposed pre-trial order submitted by the parties. Defendants argue that plaintiff has violated Local Rule 26(a)(2)[8] which provides:

> (2) Expert Witnesses. A party must make full and complete disclosure as required by FED.R.CIV.P. 26(a)(2) and L.U.CIV.R. 26(a)(2)(D) no later than the time specified in the case management order. Absent a finding

---

[8]In their memorandum, defendants actually cite Rule 26.1(a)(2)(d), which was in effect prior to December 1, 2009, and stated:

> (2) Expert Witnesses. A party shall, as soon as it is obtained, but in any event no later than the time specified in the case management order, make disclosure as required by FED.R.CIV.P. 26(a)(2)(A).
> (d) A party shall designate treating physicians as experts pursuant to this rule, but is only required to provide the facts known and opinions held by the treating physician(s) and a summary of the grounds therefor.

>of just cause, failure to make full expert disclosures by the expert
>designation deadline is grounds for prohibiting introduction of that
>evidence at trial.
>
>. . . .
>
>>(B) An attempt to designate an expert without providing full
>>disclosure information as required by this rule will not be
>>considered a timely expert designation and may be stricken upon
>>proper motion or sua sponte by the court.
>>
>>(C) Discovery regarding experts must be completed within the
>>discovery period. The court will allow the subsequent
>>designation or discovery of expert witnesses only upon a showing
>>of good cause.
>>
>>(D) A party must designate physicians and other witnesses who are
>>not retained or specially employed to provide expert testimony
>>but are expected to be called to offer expert opinions at trial. No
>>written report is required from such witnesses, but the party must
>>disclose the subject matter on which the witness is expected to
>>present evidence under FED.R.EVID. 702, 703 or 705, and a
>>summary of the facts and opinions to which the witness is
>>expected to testify. The party must also supplement initial
>>disclosures.

On October 24, 2008, this court entered a scheduling order stating that the deadline to designate experts was April 20, 2009.  On plaintiff's motion [docket no. 54], this court subsequently extended the deadline until May 11, 2009.  Defendants contend that to date, plaintiff has not designated an expert witness.  The record supports defendants' contention.

To determine whether to exclude an expert who is not properly designated under the Federal Rules of Civil Procedure, the court considers four factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such

prejudice." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).

As for the first factor, plaintiff has provided no explanation to this court for its failure to identify Dr. Aultman as a witness. This factor weighs against plaintiff.

With regard to the second factor, defendants contend that Dr. Aultman's testimony lacks importance as suggested by his designation as a "may call" witness instead of a "will call." Defendants also argue that expert medical testimony is not required to prove an essential element of plaintiff's Title VII and Title 42 U.S.C. § 1983 claims. This factor weighs against plaintiff.

Defendants argue that the third factor - potential prejudice in allowing the testimony - weighs against plaintiff because if Dr. Aultman were permitted to testify they would have no knowledge of the subject matter or the facts or opinions to which he may testify, and they have not had an opportunity to review his medical records. This factor weighs against plaintiff.

Lastly, defendants argue that as to the availability of a continuance to cure such prejudice, a continuance at this point is very late. The trial date was set for May 17, 2010, and this court has set a new trial date, all parties having agreed to change the May 17 date in order to accommodate the plaintiff. This case was filed almost three years ago. Therefore, this factor weighs against the plaintiff.

This court concludes that all four factors weigh against plaintiff. Therefore, the court grants defendants' unopposed motion to exclude any testimony or evidence from Dr. Aultman [docket no. 136].

### IV. Motion to Admit Evidence

Lastly, defendants JPSD and Coleman in his individual capacity have filed a motion to admit evidence pursuant to Rule 412 [docket no. 129]. Defendants request that the court admit evidence of Carter's lewd and sexually-tinged communications and actions in the workplace. Such evidence includes copies of emails Carter sent as well as testimony concerning conversations she had and terms she used. The court will consider each exhibit individually at trial and make a ruling at that time.

**SO ORDERED**, this the 20th day of July, 2010.

> s/ HENRY T. WINGATE
> **CHIEF JUDGE**
> **UNITED STATES DISTRICT COURT**

Civil Action No. 3:07cv393 HTW-LRA
Order Denying Motions for Summary Judgment
Order Denying in Part and Granting in Part Motions in Limine